CORDELIA A. BENSON V. JOHN DALY.

FILED NOVEMBER 8, 1893.   No. 5223.

Boundary Lines: ACQUIESCENCE IN SURVEY: COMPROMISE AND
   SETTLEMENT.   Where there is a dispute as to the exact bound-
   ary between the owners of adjoining lands, and a county sur-
   veyor establishes a line upon an actual survey of the lands, and
   both claimants participated in making and paying the expenses
   of the survey, which survey was acquiesced in for a considera-
   ble time afterwards, it will not be disturbed because a new sur-
   vey, made some years afterwards, tends to show a mistake in the
   establishment of such line.

ERROR from the district court of Gage county.   Tried
below before APPELGET, J.

*Griggs, Rinaker & Bibb*, for plaintiff in error.

*Hardy & Wasson, contra:*

The parties having agreed that the corners were lost and
to have the line surveyed, and acquiesced in the survey at
the time and for two years thereafter, they are estopped
from disputing the line thus agreed upon.   The court will
sustain an agreement that has been fully executed. (*Trus-
sel v. Lewis*, 13 Neb., 418, 419; *Brown v. Caldwell*, 13 Am.
Dec. [Pa.], 660; *McAfferty v. Conover*, 7 O. St., 99;
*Joyce v. Williams*, 26 Mich., 332; *Smith v. Hamilton*, 20
Mich., 438; 2 Herman, Estoppel, sec. 1135.)

MAXWELL, C. J.

This action was brought in the district court of Gage
county on a cause of action which is set forth in the peti-
tion as follows: "Defendants wrongfully, and with force,
broke and entered upon the plaintiff's land, of which the
plaintiff was then in possession, described as follows: 'The
north half of the southeast quarter of section 33, town 2

north, range 8 east, in Gage county, Nebraska,' and then tore down a fence belonging to plaintiff, standing upon said land as a line fence, of the value of $50, and carried the same away, and converted it to their [defendants'] own use, and thereby prevented plaintiff from enjoying the use of said fence and adjoining lands." The answer is a general denial. On the trial of the cause the jury returned a verdict in favor of the defendant in error, plaintiff below, upon which judgment was rendered.

The testimony tends to show that the land in question is a part of the Otoe Indian reservation; that one Green, in the year 1883, entered the land now owned by the defendant in error, and that the plaintiff in error purchased the land owned by her about the same time. The testimony tends to show that the government surveys on the reservation are far from accurate, the lines being somewhat irregular and the corners frequently lost. Some time after the parties had purchased the land Green desired to construct a fence along the line between his land and the plaintiff in error. It was understood that this was temporarily erected until the county surveyor could be obtained to establish the true line. Some months afterwards the county surveyor was employed to establish the line between the parties. This he did, the husband of the plaintiff in error being present at the survey, and employed a chain carrier to assist in making the survey. He made some complaint about the line as established by the surveyor, but said if he had the quantity of land that his deed called for that he would be satisfied. The surveyor then ran a line across his land, and it was found that he had nearly an acre more than his deed called for. He then paid the surveyor his proportion of the expense of making the survey, although he claims that a portion of this money was paid for running a line across his land. One of the government corners of the land had been plowed up and destroyed, and there seemed to be great uncertainty as to its

actual location. Upon the survey being made, Green moved his fence onto the line as established by the surveyor, and a year or two afterwards sold and conveyed the land to the defendant in error, when a second surveyor was obtained on behalf of the plaintiff in error, and a new line established taking a portion of the defendant in error's land and the fence in dispute. In these matters it is shown that the husband acted as the agent of his wife, and the parties for a long while acquiesced in the line established by the first survey made by the county surveyor. We are satisfied that this survey, acquiesced in as it was for a considerable time, the exact boundary being unknown, was in effect a compromise and settlement of the controversy. There is no material dispute upon the question that that settlement was accepted by the parties for a time as the end of a controversy, and will be so regarded by the court. No injustice has been done to the plaintiff in error. She has more land than she purchased, and it is desirable that the controversy should be terminated. In our view, the verdict is the only one justified by the testimony and the judgment is

AFFIRMED.